# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED 2008 AUG 11 AM 11:44
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

'08 MJ 2485

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **Magistrate Docket No.** ______ |
| **Plaintiff** | ) |
| v. | ) COMPLAINT FOR |
| | ) VIOLATION OF: |
| **Hector Alejandro BALDERAMMA-IBARRA** | ) **TITLE 8 U.S.C. § 1326** |
| | ) **Attempted Entry After Deportation** |
| | ) **TITLE 18 U.S.C. § 1544** |
| | ) **Misuse of Passport** |

The undersigned complainant, being duly sworn, states:

**Count 1**

On or about August 09, 2008, within the Southern District of California, defendant Hector Alejandro BALDERAMMA- IBARRA, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

**Count 2**

On or about August 09, 2008 within the Southern District of California, defendant Hector Alejandro BALDERAMMA- IBARRA did knowingly and willfully use a Passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting U.S. Passport number 421961277, issued to David Lawrence STEBBINS, to a Department of Homeland Security, Customs and Border Protection Officer, knowing full well that he was not David Lawrence STEBBINS, that the Passport was not issued or designed for his use, and that he is not a United States citizen entitled to a U.S. Passport. All in violation of Title 18, United States Code, Section 1544.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

SWORN AND SUBSCRIBED TO before me
This 11th day of August, 2008.

______________ UNITED STATES MAGISTRATE JUDGE

8/9/08

**PROBABLE CAUSE STATEMENT & STATEMENT OF FACTS**

I, R. Christopher Good, being duly sworn, declare under penalty of perjury that the following statement is true and correct:

1. I am a Special Agent (SA) with the U.S. Department of State, Diplomatic Security Service (DSS) assigned to the San Diego, CA Resident Office. I have been so employed for six (6) years and have investigated numerous violations involving the false application for and misuse of United States Passports and Visas.

2. During the performance of my duties, I have obtained evidence that, Hector Alejandro BALDERAMMA-IBARRA, (hereinafter referred to as DEFENDANT) aka David Lawrence STEBBINS, used the Passport issued for the use of another and attempted to reenter the United States after having been deported. This Affidavit is made in support of a complaint against DEFENDANT for violation of Title 8, U.S.C. Section 1326, Attempted Entry after Deportation, and Title 18, U.S.C., Section 1544, Misuse of a Passport.

3. On 08/09/2008, DEFENDANT presented himself to a Department of Homeland Security, Customs and Border Protection (CBP) Officer while a driver of a vehicle in the vehicle inspection lanes of the San Yisdro Port of Entry, to apply for admission into the United States. DEFENDANT identified himself with U.S. Passport number 421961277, bearing the name David Lawrence STEBBINS, DOB: 08/29/1974, POB: Illinois, with the DEFENDANT's photograph on it. DEFENDANT also presented as identification California Drivers License # B9541543 bearing the name of David Lawrence STEBBINS with the DEFENDANT's photograph on it. The CBP Officer recognized discrepancies in the security features of the U.S. Passport. The CBP Officer conducted a cursory inspection of the vehicle and determined that DEFENDANT was attempting to conceal undocumented aliens within the vehicle. The DEFENDANT and the vehicle which he was driving were then escorted into the vehicle secondary lot/security office for further inspection and interview.

4. On 08/09/2008, a CBP Officer conducted a secondary inspection of DEFENDANT. During the secondary inspection ten (10) undocumented aliens were extracted from the vehicle, and all undocumented aliens freely admitted to being Mexican citizens. DEFENDANT admitted that he had no legal status to enter or reside in the United States. DEFENDANT stated that he had no legal ownership to the vehicle used in the attempt to smuggle the undocumented aliens. Record checks of the U.S. Department of State Passport records revealed that DEFENDANT was not the person who applied for and been issued U.S. Passport # 421961277 after completing U.S Dept. of State form DS-11: Application for a U.S. Passport #039820705. Fingerprint checks of DEFENDANT revealed that he has an FBI record (#849323VA3) and had been previously arrested on several occasions. DHS record checks revealed that DEFENDANT (A-file # 090202959) had been previously formally deported from the United States on or about 01/08/2001.

5. On 08/09/2008, DEFENDANT was retrieved from a seating area in the secondary inspection area and was brought to an interview room where he was interviewed by Affiant. The Affiant provided DEFENDANT his Miranda Rights warning which he read aloud in English from a standard Miranda Rights written form. DEFENDANT verbally stated in the English language that he understood his Miranda Rights and waived his right to counsel, signed the Waiver of Rights section on the Miranda Rights form, and agreed to answer questions. DEFENDANT admitted that his true name was Hector Alejandro BALDERAMMA- IBARRA, born on 01/31/1973, in Mexicali, Mexico, and that he is a citizen of Mexico and not a citizen of the United States. DEFENDANT claimed that the reason he was trying to come back into the U.S. was that had he had been living and working in the United States for many years. DEFENDANT was asked how he came to possess the U.S.

Passport. DEFENDANT stated that he had first meet a man named "Antonio" on Avenida Revolucion in Tijuana, Mexico several weeks ago who said that he ("Antonio") could help him enter the United States for him and that DEFENDANT could also make a few hundred dollars for his efforts. "Antonio" took DEFENDANT to a room nearby and took DEFENDANT's picture, and then took DEFENDANT to a house where he stayed for several days. DEFENDANT was awoken on July 30, 2008 and given a U.S. Passport and the keys to a car and told to drive that vehicle across the border using the newly obtained U.S. Passport as identification to cross. DEFENDANT stated that he was stopped at the San Ysidro border because the car he was driving had been reported stolen, and he was arrested for alien smuggling because they found aliens in the car which he was driving. DEFENDANT said that he knew that he was using a fraudulent U.S. Passport that was not issued to him in his attempt to enter the United States. DEFENDANT said that after that arrest he was returned to Mexico. DEFENDANT saw "Antonio" again in Tijuana and "Antonio" said that DEFENDANT owed him a car because the car that DEFENDANT had attempted to drive across the border was confiscated. DEFENDANT agreed to drive another car across the border to make things even. DEFENDANT was then taken to another house where he stayed for several days and on 08/09/2008 was provided with U.S. Passport # 421961277 and California Drivers License # B9541543 - both of which were in the name of David Lawrence Stebbins –along with the keys to a large van and told to drive that van across the border. DEFENDANT was given a mobile phone and the instructions that once he was across the border checkpoint to continue driving north on Interstate 5 until he received a call on the mobile phone, upon which he would be given instructions on where to next drive the van. DEFENDANT stated that he used the U.S. Passport, knowing that it was not his, to apply for entry to the United States at the San Yisdro Port of Entry. DEFENDANT also stated that he knew it was a violation of U.S. law to apply for entry into the U.S. claiming to be a U.S. citizen if you are not a U.S. citizen by using fraudulent documents. DEFENDANT also admitted to having been previously arrested on several occasions, and to have been previously deported.

6. On 08/09/2008, the Affiant conducted checks of the U.S. Department of State, U.S. Passport records system database. Record checks revealed that U.S. Passport number 421961277 had not yet been reported lost and/or stolen. The person in the photograph on the U.S. Passport application form DS-11 #039820705 (used for U.S. Passport number 421961277), is clearly different than the person in the photograph on U.S. Passport #421961277 which DEFENDANT presented as his at the San Ysidro Port of Entry.

On the basis of the facts presented in this probable cause statement consisting of 2 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offence on or about 08/09/2008 - in violation of Title18, United States Code, Section 1544: Misuse of a Passport - when he knowingly and willfully used the Passport belonging to another, David Lawrence STEBBINS, knowing that it was not issued or designed for his use, in order to gain admission into the United States, and Title 8, United States Code, Section 1326: Attempted Reentry After Deportation – when being an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States.

On the basis of the facts contained in the probable cause statement consisting of 2 pages, I find probable cause to believe that defendant Balderamma-Ibarra committed the offenses charged, violation of Title 8 § 1326 + Title 18 § 1544.

[signature]
R. Christopher Good
Special Agent
U.S. Department of State
Diplomatic Security Service

[signature] 8/10/2008 at 9:40 p.m.